(C.D. 2142)

THE DURST MANUFACTURING CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 22, 1959)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: An imported device described as a "Twin Mix" was classified by the collector of customs as an article in chief value of metal, and duty was imposed thereon at the rate of 22½ per centum ad valorem as provided in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

Plaintiff claims that the article should be classified as part of an electrical washing machine in paragraph 353 of said act (19 U.S.C. § 1001, par. 353), as modified, *supra*, and dutiable at the rate of 17½ per centum ad valorem.

The pertinent text of the competing statutes read as follows:

Paragraph 397, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \* \*

 Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

 Woven wire fencing \* \* \*

\* \* \* \* \* \* \*

 Other \* \* \*_____ 22½% ad val.

Paragraph 353, as modified, *supra*:

* * * articles having as an essential feature an electrical element or device, such as * * * washing machines * * *; all the foregoing * * * finished or unfinished, wholly or in chief value of metal, and not specially provided for:

 * * * fans; blowers; and washing machines_____ 17½% ad val.

 * * * * * * *

Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 of this Part_____ — The same rate of duty as the articles of which they are parts.

Jules Rosenkranz, the only witness in the case, was called by the plaintiff. He testified that he was vice president of the plaintiff company, manufacturer and distributor of plumbing supplies, and is head of the design and development department.

The imported merchandise represented by exhibit 1 was designed and developed by Rosenkranz for use on electrical washing machines equipped with control valves to regulate the intake of hot and cold water. In dwellings where sinks or tubs have separate faucets for hot and cold water, the intake of water through the two inlets of the washing machine is thermostatically controlled. In apartment houses and some dwellings, however, sinks or tubs are equipped with combination or single faucets in which the hot and cold water merge into one stream. In such instances, the twin mix in issue is used and is so designed that when it is attached to an electrical washing machine it permits the combined hot and cold stream of water coming from a single faucet to enter the two water inlets of the washing machine. This is the only commercial use of the subject merchandise, and unless a twin mix is physically attached to the washing machine when the water supply comes from a combination or single faucet said machine could not be operated successfully.

While it is true that an electrical washing machine would operate without the use of a twin mix if a sink or tub were equipped with two faucets and two hose connections were utilized, as distinguished from a single faucet utilizing one hose, nevertheless, as above indicated, the twin mix is essential and necessary to the proper functioning of the washing machine where the tubs are equipped with single faucets.

It is clear from the undisputed evidence of record that the twin mix in controversy is an essential, integral, and constituent part of an electrical washing machine without which the machine would be incapable of performing its proper functions. *Peter J. Schweitzer (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 285, T.D. 42872; *United States* v. *Willoughby Camera Stores, Inc.*, 21 C.C.P.A. (Customs) 322, T.D. 46851; and *Stoeger* v. *United States*, 15 Ct. Cust. Appls. 291, T.D. 42472.

Upon the record and for the foregoing reasons, we find and hold that the article described herein as a twin mix is properly dutiable at the rate of 17½ per centum ad valorem as part of an electrical

washing machine, as provided in paragraph 353, as modified, *supra*, and the protest making that claim is sustained. All other claims are overruled.

Judgment will issue accordingly.